UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNY MINIX and ANTHONY MINIX, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE No. 3:13-CV-503<br>) |
| INDIANA UNIVERSITY HEALTH LA PORTE PHYSICIANS, INC., INDIANA UNIVERSITY HEALTH, - BOARD OF DIRECTORS, and DR. CURTIS BEJES, Personally, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs, Jenny Minix and her husband, Anthony Minix ("Plaintiffs") filed an Amended Complaint against Jenny Minix's former employer alleging sexual harassment and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and various state law claims, including a claim for loss of consortium. [DE 28]. Presently before the Court is a Motion to Dismiss [DE 31] pursuant to Fed.R.Civ.P. 12(b)(6), filed by Defendants, Dr. Curtis Bejes (hereafter, "Dr. Bejes"), and Indiana University Health LaPorte Physicians Inc. (hereafter, "IULP") (collectively referred to as "Defendants").[1] The motion has been fully briefed. For the following reasons, the Court will GRANT Plaintiff leave to file her Second Amended Complaint. The Motion to Dismiss will be DENIED as MOOT.

**PROCEDURAL BACKGROUND**

---

[1]There is no record of service upon IU Health Board of Directors.

1

For a case in its infancy, this case already has quite a storied procedural history. On May 28, 2013, the Plaintiffs filed their original complaint and request for a jury trial. In response to that Complaint, the Defendants filed a Partial Motion to Dismiss the Plaintiffs' Complaint. [DE 14]. After some machinations and numerous missed deadlines by the Plaintiffs' counsel, on September 19, 2013, the Plaintiffs filed their Motion to File an Amended Complaint and attached to it a copy of the Amended Complaint.

On January 16, 2014, Magistrate Judge John E. Martin entered an Order in response to the Plaintiffs' request to file an Amended Complaint. [DE 26]. In that Order, the Magistrate Judge granted the request to amend and directed the Plaintiffs to file their Amended Complaint that was attached to the Motion no later than January 23, 2014. Plaintiffs' counsel did not comply with this deadline, which led to another Motion to Dismiss filed by the Defendants for failure to comply with the Court's Order. [DE 27]. Upon receiving that Motion to Dismiss, Plaintiffs' counsel immediately filed their Amended Complaint [DE 28] and responded to the motion to dismiss [DE 29]. To say that Plaintiffs' counsel's response failed to demonstrate excusable neglect for all of his missed deadlines is an understatement. His response laid out a laundry list of reasons for his failure to comply with the deadline – he is not a "seasoned" attorney, he is a sole practitioner, he is financially struggling due to a large amount of account receivables, he has taken on more cases than he can handle, and he has only recently been able to hire a certified paralegal. That said, because of a difference in local procedure between the Fort Wayne and South Bend divisions, the Court excused the late filing of the Amended Complaint and denied the Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 41(b). [DE 33]. In that Order however, the undersigned wrote:

> Plaintiffs' counsel is **SPECIFICALLY DIRECTED** to observe all response deadlines in the Fed.R.Civ.P and this Court's local rules related to any filings made by the Defendants. Further delinquencies by Plaintiffs' counsel may result in the Court entertaining Motions for Sanctions from the Defendants.

DE 33 at p. 3. The day following entry of this Order, Defendants filed the present Motion to Dismiss for Failure to State a Claim [DE 31]. Plaintiffs' counsel responded in a rather haphazard way to the Motion, indicating, among other things, that counsel was unaware of the corporate structure of the entities he sued and thus, acknowledging he sued the wrong parties.

Thereafter and, not surprisingly given his record in this case, the Court became aware that Plaintiffs' counsel had been disciplined by the Indiana Disciplinary Commission and was suspended from the practice of law. New counsel appeared on Plaintiffs' behalf [DE 40] and the Court, *sua sponte*, held a telephonic conference wherein it discussed permitting new counsel the opportunity to file a supplemental response to the Motion to Dismiss. [DE 45]. Subsequenly, new counsel filed a Response to the Motion to Dismiss wherein he requested leave to file a Second Amended Complaint and attached the proposed amendment to his response. [DE 46]. Defendants replied, objecting to the request to amend and requesting the Court rule on the pending Motion to Dismiss. It is with this procedural background in mind that the Court turns to the present filings.

## DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiffs' Amended Complaint fails to state a claim upon which relief could be granted. Defendants argue that Plaintiffs failed to exhaust their administrative remedies because Jenny Minix failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") against the named Defendants. Defendants argue that there is no individual liability under Title VII, Dr. Bejes does not constitute an employer

3

under Title VII, and that the Court should not retain supplemental jurisdiction over the Indiana common law claims. [DE 41].

In response, Plaintiffs request another opportunity to amend the complaint to name only the proper defendants, IULP and Dr. Bejes, and to assert federal and state claims only on behalf of Jenny Minix.[2] Plaintiffs' counsel notes that prior counsel did file a Charge of Discrimination but, again, he was incompetent in doing so since the Charge reflects the name of the respondent to be IU Health LaPorte Hospital not IULP; but, even so, counsel notes that the mailing address for both entities are the same and Defendants' current counsel appeared before the EEOC on the Defendants' behalf so they should have been aware of the Plaintiffs' claims. Plaintiffs further assert that neither IULP or Dr. Bejes are prejudiced by the amendment since Dr. Bejes admits that IULP is his employer and the EEOC charge clearly identifies Dr. Bejes as the perpetrator of the alleged discrimination.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Airborne Beepers & Video, Inc. V. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir.2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the present case, the Court will grant the Plaintiffs this final opportunity to amend their

---

[2]The proposed Second Amended Complaint also removes Anthony Minix as a plaintiff.

complaint. While the Court is cognizant of defense counsel's frustration with the numerous delays, prior attempts to amend, and the incompetence of prior counsel, Plaintiffs have since obtained new counsel who is competently representing their interests. Moreover, the failings of prior counsel were not the result of any bad faith or dilatory motive on the part of the Plaintiffs. In fact, Plaintiffs did promptly take action to obtain new counsel once it was clear that their prior counsel was no longer permitted to continue in the case.

Finally, as Plaintiffs argue, there is no prejudice to the Defendants in permitting the amendment since counsel appeared on their behalf before the EEOC, the Charge clearly designated Dr. Bejes as the offender and the Charge was mailed to the address of record for the defendant IULP. In contrast, the prejudice to the Plaintiffs is great without the ability to amend since the Plaintiffs would have no opportunity to have the case heard on the merits. Accordingly, the court finds that justice so requires granting the Plaintiff leave to file the Second Amended Complaint. Indeed, "courts must balance the need for efficient administration of justice with the preference for deciding cases on their merits and giving a party its day in court." *Flying J, Inc. v. Jeter*, 720 N.E.2d 1247, 1249 (Ind. Ct. App.1999). Plaintiffs' Request to File a Second Amended Complaint contained in DE 46 is GRANTED. The Defendants' Motion to Dismiss [DE 31] is DENIED as MOOT. The Clerk is DIRECTED to file the Second Amended Complaint attached as Exhibit 3 to DE 46 in the record.

## **CONCLUSION**

Plaintiffs' Request to File a Second Amended Complaint contained in DE 46 is hereby GRANTED. The Defendants' Motion to Dismiss [DE 31] is hereby DENIED as moot. The Clerk is DIRECTED to file the Second Amended Complaint attached as Exhibit 3 to DE 46 in

the record.

Entered: This 26th day of September, 2014.

S/ William C. Lee<br>United States District Court